## 0741

H. H. SINGLETON, on behalf of himself and all other teachers and employees of the Horry County School district similarly situated, Appellant v. HORRY COUNTY SCHOOL DISTRICT, a body politic: Franklin C. Blanton, Chairman; Henry C. Hesler, George G. Cooper, E. M. Henry, James Barnett, Helen Smith and Rupert Stalvey, Trustees of the Horry County School District, Respondents.

(345 S. E. (2d) 751)

Court of Appeals

*Franklin R. DeWitt*, Conway, *for appellant.*

*Bruce E. Davis*, Camden, and *James B. Richardson, Jr.*, Columbia, *for respondents.*

Heard April 21, 1986.

Decided June 30, 1986.

*Per Curiam:*

Respondent Horry County School District suspended appellant H. H. Singleton (Singleton) from employment for two days because his teaching certificate had expired. Singleton initiated this action to expunge the suspension from his records and to collect the two days lost pay. On cross-

motions for summary judgment, the circuit court ordered judgment for the school board. Singleton appeals. We affirm.

Singleton's teaching certificate was set to expire on June 30, 1983. On April 15, 1983, Singleton and the school board entered into an employment contract for the 1983-84 school year. The contract stated: "Contract conditional upon certificate renewal." It also contained the following provision:

> The Employee will, where required by law, possess throughout the term of this agreement a valid and appropriate credential(s) license(s) for the Employee's assigned position in the schools of Horry County School District.

In order to acquire the necessary credentials to renew his certificate, Singleton enrolled in summer courses at the University of South Carolina's Conway Campus (U.S.C.). He succesfully completed the courses in July 1983 and on August 23, 1983, requested that U.S.C. forward his grades to the South Carolina Department of Education (Department of Education), the agency which issued teaching certificates. On September 9, 1983, U.S.C. sent a transcript to the Department of Education but the transcript was incomplete and did not contain Singleton's grades. On October 20, 1983, the Department of Education wrote to Singleton advising him of the deficiency in the transcript and suggesting that he contact U.S.C. and request another transcript. The next day Singleton contacted U.S.C. and requested that a transcript be sent to the Department of Education.

The school board permitted Singleton to teach for the first two months of the 1983-84 school year pending receipt of his renewed certificate. The policy of the school district regarding interim employment, as taken from the Statement of the Case, is as follows:

> If a teacher's certificate is set to expire before the beginning of the next school year, the District allows the teacher two months after the beginning of the school year in which to furnish to the District's personnel office the required certificate. Failure to do so makes the teacher subject to suspension without pay until the required certificate is presented. Respondent

School District will not impose the suspension, and will lift the suspension once imposed, upon telephone assurance from the Department of Education that a valid certificate has been issued.

On November 1, 1983, when Singleton's extension ended, the school district gave him until November 7, 1983 to obtain a renewed certificate from the Department of Education. On November 7, 1983, because the school district had not been advised by the Department of Education that a new certificate had been issued, it suspended Singleton from employment with the district. On November 9, 1983, the district received notice by telephone from the Department of Education that Singleton's grades had been received from U.S.C. and immediately lifted his suspension. Pursuant to its regulations, the Department of Education thereafter issued Singleton a renewed teaching certificate with an effective date of November 9, 1983.[1]

Singleton commenced this action in February 1984 seeking expungement of the suspension action from his record and collection of two days lost wages. Subsequently, during the summer of 1984 and after the 1983-84 teaching year had ended, the Department of Education amended his teaching certificate to show an effective date of July 1, 1983. According to the affidavit of the Chief Supervisor of the Teacher Certification Section of the Department of Education, the amendment of the certificate occurred after Singleton and his attorney visited his office and because U.S.C. documented that "it was not Mr. Singleton's error that the transcript received in the Teacher Certification Section of the South Carolina Department of Education on September 9, 1983, was incomplete...."

The trial judge concluded that there was no genuine issue of material fact regarding either the validity of the school

---

[1] The South Carolina Department of Education's Regulation 43-62 (1.9.3) provides that "[I]f the certified teacher becomes eligible for an improved class of credentials between May 1 and September 14, the new credential will be valid from —

A. July 1 of the calendar in which the teacher completed existing requirements provided the application is filed in the Office of Teacher Education and Certification by October 14, or

B. The date of receipt of completed application if such date is later than October 15.

district's regulations or the fact that the school district had properly followed the Department of Education's regulations in suspending Singleton from work. He further found that the school district had not abused its discretion in refusing both to expunge Singleton's records and to pay him for lost wages. We agree.

Singleton argues on appeal that the school district abused its discretion in refusing to accept as sufficient evidence of his recertification his representation to it that he had completed the courses at U.S.C. He argues that the proviso in his contract and the district's policies that require evidence or proof of his qualifications to be filed in the superintendent's office should be interpreted to include his oral representation that he met the recertification requirements of the Department of Education. This argument is without merit. The parties stipulated in the Statement of the Case that the proof required by the district's policies was the actual certificate or a telephone call from the Department of Education assuring the district that the teacher met all recertification requirements. Parties to an appeal are bound by facts set forth in the statement of the case. *Germain v. Nichol,* 278 S. C. 508, 299 S. E. (2d) 335 (1983). Moreover, since Singleton argues that he was not officially notified of his grades until after November 9, 1983, we fail to see how he could have in any official way, notified the school district that he had successfully passed the required courses for recertification.

Singleton's remaining argument is that the school district is required by state law to expunge his records and to pay him for two days lost wages because the Department of Education retroactively recertified his credentials to July 1, 1983.

The right of a local school trustee board to select and employ teachers in the schools of its district is absolute and subject only to confirmation by the county board of education.[2] *Williams v. Sumter School district No. 2,* 255 F. Supp. 397 (D.S.C. 1966). Courts will not interfere with the exercise of discretion by school boards in matters com-

---

[2] According to Singleton's pleadings, he has exhausted his administrative remedies by appeal to the District Board of Education which refused to hear the appeal.

mitted by law to their judgment unless there is clear evidence that the board has acted corruptly, in bad faith, or in clear abuse of its powers. *Coggins v. Board of Education,* 223 N. C. 763, 28 S. E. (2d) 527 (1944). An appellate court will not substitute its judgment for that of school boards in view of the powers, functions and discretion which must necessarily be vested in such boards if they are to execute the duties imposed upon them. *Law v. Richland School District No. 1,* 270 S. C. 492, 495, 243 S. E. (2d) 192, 193 (1978).

Section 59-19-90(2), 1976 Code of Laws of South Carolina, authorizes the board of trustees of a school district to employ teachers from those having certificates from the South Carolina Board of Education. Section 59-19-110, 1976 Code of Laws of South Carolina, permits boards of trustees to "prescribe such rules and regulations not inconsistent with the statute law of this State as they may deem necessary or advisable to the proper disposition of matters brought before them."

Singleton's contract with the school district was conditioned upon his possessing a valid teaching certificate issued by the Department of Education throughout its term. He did not possess a valid certificate during the 1983-84 school year until November 9, 1983, and has not cited any state law that would require the school district to treat him retroactively as having been certified prior to that date. Importantly, Singleton never possessed, during the term of his 1983-84 contract, a teaching certificate with an effective date of July 1, 1983. The Department of Education's reissuance of his teaching certificate with an effective date of July 1, 1983 after completion of the 1983-84 school term cannot affect the status of the parties to the contract. *See* 68 Am. Jur. (2d) *Schools* Section 140 (1973); 78 C. J. S. *Schools and School Districts* Section 161(b) (1952).

We agree with the trial judge that the reason for the tardy registration of Singleton's certificate with the school district "is to be found in the administrative failings of U.S.C. and the State Department of Education in processing [Singleton's] request for a grade report and [Singleton's] own negligent lack of attention to the handling of his request by U.S.C. and the Department of Education. [Singleton] did nothing between his initial request to the

University in [August 1983] and his receipt of the October 20th (sic) letter from the Department of Education advising that the grade report had not been received." Finding no genuine issue of a material fact that the school district failed to follow state law or abused its discretion in any way, the order of the trial court is

Affirmed.