0856

PEOPLES FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent v. Curtis W. GRAHAM, Joan G. Graham, Metro Tire Co., Inc., Peterbilt of Florence, Inc., Dan Bartels and Ruby C. Bartels, Defendants, of whom Curtis W. Graham, Metro Tire Co., Inc., and Peterbilt of Florence, Inc., are Appellants, and Ruby C. Bartels is also a Respondent.

(352 S. E. (2d) 511)

Court of Appeals

*George G. Reaves,* Florence, *for Curtis W. Graham.*

*James T. McBratney, Jr.,* Florence, *for Peterbilt of Florence, Inc.*

*Allen C. Pate,* Florence, *for Metro Tire Co., Inc.*

*Marvin P. Jackson, Jr.,* Florence, *for Ruby Bartels.*

*Hugh L. Willcox,* Florence, *for Peoples Federal Savings & Loan Association.*

Heard Nov. 17, 1986.

Decided Jan. 12, 1987.

SANDERS, Chief Judge:

Respondent Peoples Federal Savings and Loan Association sued to foreclose a mortgage given by appellant Curtis W. Graham and his wife. Appellants Metro Tire Co., Inc. and Peterbilt of Florence, Inc. were made parties as the holders of judgment liens against the property which was the subject of the mortgage. Respondent Ruby C. Bartels was made a party as the assignee of her husband who was the highest bidder at the judicial sale held pursuant to the judgment

rendered in the suit. The trial judge denied the motions of Mr. Graham, Metro and Peterbilt to have the sale set aside. They appeal. We affirm.

The complaint of Peoples was served on Mr. Graham, Metro and Peterbilt. Mr. Graham did not answer or otherwise plead within the thirty days provided by law. Metro and Peterbilt answered, setting up their judgments.

Peoples sought and was granted a hearing on its complaint. Attorneys representing Metro and Peterbilt apeared at the hearing. Mr. Graham received no notice of the hearing and did not attend. Peoples established its debt at the hearing, Metro and Peterbilt established their liens and Mr. Graham was held in default. Peoples was also granted attorney fees in the amount of $2,168.54. (The amount of attorney fees which Peoples sought was not specified in its complaint; rather Peoples asked the Court to set reasonable attorney fees at the hearing.)

A decree of foreclosure was entered following the hearing ordering that the property be sold on the next Sales Day during the usual hours for public sales or on any subsequent Sales Day without further order of the Court. The decree further ordered that the usual public notice of the sale be given. Neither Mr. Graham, Metro nor Peterbilt was served with copies of the decree or given any notice of the judicial sale beyond the public notice.

Mr. Bartels bid the sum of $48,100 at the judicial sale and was the highest bidder. He subsequently assigned his bid to Mrs. Bartels who paid the amount of the bid and received a deed to the property from the clerk of court.

Mr. Graham, Metro and Peterbilt moved to have the judicial sale set aside on the grounds that Mr. Graham had not been given notice of the time and date of the hearing, that Metro and Peterbilt had not been given notice of the date and time of the judicial sale and that the sale price was grossly inadequate.

Mr. and Mrs. Bartels were made parties by consent and filed a return to the motions asserting themselves to be "bona fide purchasers." Mr. Bartels withdrew as a party after having assigned all of his interest in the property to Mrs. Bartels.

Mr. Bartels testified at the hearing held on the motions

that the county had appraised the property at $63,407, but that he thought the property had a value of $55,000 because it needed $8,000 in repairs. According to a document made a part of the record by consent of the parties, the property was subsequently appraised at $73,000.

The trial judge denied the motions of Mr. Graham, Metro and Peterbilt, ruling that:

> Defendants claim the sale should be set aside because they did not receive personal notice of it. Defendant Curtis W. Graham was properly served in the foreclosure action and defaulted. Defendants Metro Tire and Peterbilt appeared at the foreclosure hearing and were aware the property would be sold at a judicial sale. They requested notice of the sale from plaintiff's attorney but did not receive it. While failure to give personal notice to these defendants is an irregularity which the court does not encourage, it is not the sort of unfairness which will void the sale to Mr. Bartels. Defendants were present at the foreclosure hearing and knew the property would be sold. They could have discovered the date of sale by reading the newspaper. There was clearly no unfairness by either the officer conducting the sale or the bona fide purchaser, Mr. Bartels. While I am not oblivious to defendants' pecuniary loss, I am satisfied the sale price of the property and the lack of personal service are insufficient grounds upon which to vacate the judicial sale.

I

Mr. Graham argues that the judicial sale should be set aside because he was not given notice of the hearing. We reject this argument.

Mr. Graham contends that since a part of the judgment rendered against him was attorney fees he was entitled to notice of this hearing even though he had made no appearance in the suit. *See Lewis v. Congress of Racial Equality*, 275 S. C. 556, 274 S. E. (2d) 287 (1981) ("[I]n all unliquidated-damages default hearings, even when no appearance has been made, it is the better practice for claimant's counsel to give to the defending party four days notice, as set out in § 15-9-960 of the Code, of the time and place of

the hearing."). He may very well be correct in this contention, but he is not entitled to the relief which he seeks.

Mr. Graham did not move to have the judgment against him reopened. Rather, his motion was to have the judicial sale held pursuant to the judgment set aside. The amount of attorney fees awarded as a part of the judgment would not be affected one way or the other by setting aside the judicial sale. We cannot reopen the judgment against Mr. Graham because he did not seek this relief in the trial court. *See Timms v. Timms*, 286 S. C. 291, 293, 333 S. E. (2d) 74, 75 (Ct. App. 1985) ("Where a point has not been decided by the lower court, we will not consider the point on appeal.").

## II

Mr. Graham further argues that the judicial sale should be set aside because the sale price was inadequate. We also reject this argument.

"[I]nadequacy of price, unless so gross as to shock the conscience of the court or accompanied by circumstances from which fraud may be clearly inferred, will not justify the overthrow of a judicial sale." *Singleton v. Mullins Lumber Company*, 234 S. C. 330, 351, 108 S. E. (2d) 414, 424 (1959). Although the sale price in the instant case was less than the value of the property, it was not so grossly inadequate as to shock the conscience nor were there any circumstances from which fraud can be inferred.

## III

Metro and Peterbilt argue that the judicial sale should be set aside because they were not served with a copy of the Decree of Foreclosure. We also reject this argument.

Metro and Peterbilt contend they were prejudiced in that they were not given notice of the judicial sale so they could attend and bid in the protection of their judgments. However, they do not dispute that the requirements of law for public notice of the judicial sale were met. There is no requirement of law that parties to a suit for foreclosure be given personal notice of a judicial sale. *Cumbie v. Newberry*, 251 S. C. 33, 159 S. E. (2d) 915 (1968).

Metro and Peterbilt assert in their exceptions that they

were also prejudiced by being denied "the ability to exercise [their] right to appeal from the foreclosure decree." However, they do not argue in their briefs any basis they might have to appeal from the decree. *See McGann v. Mungo*, 287 S. C. 558, 340 S. E. (2d) 154 (Ct. App. 1986) ("A failure to argue an exception constitutes an abandonment of it.").

Moreover, the statement of the case does not state any grounds for the motions of Metro and Peterbilt other than the grounds "that [they] had not been given notice of the date and time of the judicial sale" and "that the sale price of the property was grossly inadequate." *See Singleton v. Horry County School District*, 289 S. C. 223, 227, 345 S. E. (2d) 751, 753 (Ct. App. 1986) ("Parties to an appeal are bound by facts set forth in the statement of the case.").

In any event, we fail to see how the right of Metro or Peterbilt to appeal could have been prejudiced by their not having been served with the decree since their time to appeal would not begin to run until such time as they were given written notice that the decree had been rendered. *See* Rule 1, § 1(A), Rules of Practice in the Supreme Court of South Carolina.

For these reasons, the order of the trial judge is

Affirmed.

GARDNER and SHAW, JJ., concur.