## 23067

James L. BRASWELL, Elaine L. Bouknight, Margaret Long, Mary Ann Sulik, Charles W. Irons, Daisy Wilson, James R. Sexton, Rickey O. Chapman, C. Wayne Satterwhite, Herbert L. Wood, Jr., and Emma Julia Sease, Individually and as Members of the Bush River Planning Committee, Appellants v. Dr. J. F. ROCHE, Monte Bowers, Fred Herren, Daisy Gibbs, Heyward Riddle, John S. Frick, and Joanne Willingham, Individually and as Board Members of the Newberry County Board of Education, Respondents.

(383 S. E. (2d) 243)

Supreme Court

*J. Lewis Cromer*, of *Cromer & Mabry*, Columbia, *for appellants.*

*Joseph W. Hudgens*, Newberry, *for respondents.*

Heard Feb. 20, 1989.

Decided Aug. 21, 1989.

FINNEY, Justice:

Appellants, individually and as members of the Bush River Planning Committee (Committee), sought an injunction against the respondents as members of the Newberry County Board of Education (Board) alleging that the board violated the South Carolina Freedom of Information Act (FOIA).[1] Appellants also requested an award of attorney fees and costs. The circuit court denied all relief. We reverse.

The Bush River Elementary School was destroyed by fire in January 1987. Shortly thereafter, appellants formed the Committee which unsuccessfully sought to persuade the Board to rebuild the school. During Board meetings following the fire, the Committee presented its views regarding rebuilding the school. Public attendance at Board meetings increased and the news media covered the meetings extensively. On April 7, 1987, the Board held a meeting with its administrative staff at the school district office. No public notice of this meeting was given.

The Committee alleges that the Board attempted to hinder and obstruct public scrutiny of the April 7 meeting by convening secretly and that failure to give public notice constitutes a violation of the FOIA.

The Board argues that public notice was not required because the meeting was not a "meeting" within the meaning of the FOIA. According to the Board, it met only to receive information from its administrative staff regarding matters over which it had "supervision, control, jurisdiction or advisory power." The Board denies that it convened to "discuss or act upon" such matters.

S. C. Code Ann. § 30-4-20(d) (Supp. 1986) defines a meeting as "the convening of a quorum of the constituent membership of a public body ... to discuss or act upon a matter over which the public body has supervision, control, jurisdiction or advisory power."

In equity actions tried by a judge without a reference, this Court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The district superintendent testified that all previous board meetings with the administrative staff had been open to the public. The record reflects that the packet sent by the

superintendent to each Board member concerning the contested meeting contained (a) notice of the meeting, (b) a meeting agenda, (c) information pertaining to the agenda items, and included the statement that "we [the Board and staff] will go over each piece of information." Matters on the agenda included (1) points of agreement and disagreement between the Board and the Committee; (2) a summary of research regarding school size; (3) operational costs at Bush River School as compared to other similar schools; and (4) rezoning and transporting students from the Bush River area.

We find that the nature of items on the agenda, together with the expressed intent to "go over each piece of information," necessarily entailed Board discussion of matters over which it had "supervision, control, jurisdiction or advisory power" involving Bush River School. Therefore, this Court holds that the convening of the Board on April 7, 1987, was within the definition of a "meeting" under the FOIA as it existed on that date; and, further, that the Board violated the FOIA by failing to give public notice of the meeting.

We reverse the order of the circuit judge. Additionally, pursuant to the power vested in this Court, we enjoin the Board from further violations of the FOIA and award attorney fees and costs to the Committee in the amount of Fifteen Hundred and No/100 ($1500.00) Dollars, pursuant to S. C. Code Ann. § 30-4-100 (Supp. 1986).

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.

---

[1] The alleged FOIA violations occurred under the FOIA as it existed prior to the 1987 amendments. Therefore, disposition of this matter is pursuant to pre-amendment statutory provisions. *See* S. C. Code Ann. § 30-4-10 to -110 (Supp. 1986).