23291

Rawley PATTON, Appellant v. RICHLAND COUNTY COUNCIL, Jimmy C. Bales, John Camp, Leone Castles, Bob Coble, James Farley, Richard Harpootlian, Bristow Marchant, Raymond McKay, Jr., John D. Monroe, Susie B. Newman, and Candy Waites, Respondents.

(398 S.E. (2d) 497)

Supreme Court

*Rawley Patton,* Columbia, *pro se.*

*John Zilinsky,* Columbia, *for respondents.*

Heard Oct. 29, 1990.

TOAL, Justice:

The primary issue which we address in this appeal is whether a landowner can enjoin a county from enacting a zoning ordinance. We hold the county cannot be so enjoined, and therefore affirm.

## FACTS

Rawley Patton, a landowner in Richland County, filed on April 5, 1988, a Summons and purported "Mandatory Injunction" against the Richland County Council in an attempt to prevent an amendment to the Richland County Zoning Ordinance from being passed. Despite a denial by the County that Patton complied with the requirements of Rule 4(d)(6), the transcript reflects that the County Administrator (the chief executive officer of Richland County) was indeed served on April 5, 1988, and that the County Administrator immediately notified the Richland County Attorney's Office of Mr. Patton's Complaint, in perfect compliance with the rule. (Tr. 37). The County responded in no way whatsoever to Patton's pleadings until July 6, 1988, when it made a motion to dismiss and a motion for summary judgment.

A hearing was held on July 13, 1988, and the trial court granted, without prejudice, the County's motion to dismiss for failure to state a claim upon which relief can be granted, and for judgments on the pleadings by way of a July 14, 1988 order. Mr. Patton then apparently filed a motion to reconsider along with an amended complaint. It appears from the transcript that the lower court in the person of Judge Kinard denied the motion and refused to allow Mr. Patton to amend.

Next, Mr. Patton made a second motion seeking an order reconsidering the July 14, 1988 order of Judge Kinard. Judge Baggett declined to grant this motion, again noting that his

decision did not prejudice Mr. Patton, and that Mr. Patton "is free to file and serve a Summons and Complaint stating a cause of action." (Tr. 13). Mr. Patton appeals this order.

## LAW/ANALYSIS

As an initial matter, we disapprove of the way in which Mr. Patton's complaint was handled by the County. Mr. Patton deserves, as does any resident of any governmental subdivision, to get a response when he serves and files a complaint. However, the fact remains that even if we were to hold that the County was in default, no enforceable judgment could be rendered in favor of Mr. Patton for a host of reasons. The most obvious and substantive is that Mr. Patton's only requested relief is for the County to be enjoined from passing the amendment to its zoning ordinance.

In *Chester Cty. Hosp. & Nursing Ctr. v. Martin*, 281 S.C. 25, 27, 314 S.E. (2d) 308, 309 (1984), this Court held "[g]enerally a court may not restrain by injunction the exercise of legislative power by municipal corporations, including counties. The restraining power of a court should be directed against *enforcement* rather than *passage* of ordinances." (Emphasis added.) This same rule of law requires us to dispense with Mr. Patton's complaint here.

Accordingly, the judgment of the lower court is affirmed. The plaintiff is advised that the judgment is without prejudice to his ability to bring a suit against the County which seeks appropriate relief.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, J.J., concur.