23771

BUSINESS LICENSE OPPOSITION COMMITTEE; The Rental Center, Inc.; Town and Country Mobile Homes Sales of Sumter, Inc.; Ronald D'Anella; Harkins Moving and Storage, Inc.; Power-Clean Systems, Inc., Respondents v. SUMTER COUNTY, a body politic and corporate; Ruben L. Gray, Joseph B. Davis, Jr., Edgar M. Everett, Charles E. Fienning, Lewis Fleming, Turner A. Green, and Reverend O.S. Scott, Sr., in their official capacities as members of Sumter County Council; Margaret K. Davis and W. Avery Frick, in their official capacities as Treasurer and Acting County Administrator respectively, Appellants.

(426 S.E. (2d) 745)

Supreme Court

*Henry B. Richardson, Jr.,* Sumter, and *Roy D. Bates,* Columbia, *for appellants.*

*Belton T. Zeigler,* Columbia, *for respondents.*

Heard Nov. 17, 1992.

Decided Dec. 21, 1992.

*Per Curiam:*

On appeal is an Order holding that Appellant (County Council) violated the Freedom of Information Act (FOIA)[1] in enacting a business license tax ordinance (ordinance). The Special Master declared the ordinance invalid, enjoined

---

[1] S.C. Code Ann. § 30-4-10 *et seq.* (1991).

County from further violations, and awarded Respondents attorney fees and costs. We affirm.

## PROCEDURAL HISTORY

Respondents, Business License Opposition Committee (BLOC), originally commenced an action challenging the ordinance as unconstitutional and violative of the FOIA. This action was dismissed under Rule 12(b)(6), SCRCP. BLOC appealed. On appeal, this Court affirmed dismissal, in part, on the constitutional issue, but remanded the FOIA issue, finding: "Appellants [BLOC] are entitled to litigate the nature and effect of the violation and the appropriate relief, if any, to be awarded under S.C. Code Ann. § 30-4-100(a) (1991)." *Business License Opposition Committee v. Sumter County*, 304 S.C. 232, 403 S.E. (2d) 638, 640 (1991). The case was then referred to the Special Master for final determination.

## FACTS

It is uncontroverted that, on October 24, 1989, prior to a scheduled public meeting, County Council met and discussed the proposed ordinance. This was not an executive session. No public notice of this meeting was given.

On December 12, 1989, Council again met prior to a scheduled public meeting. The proposed ordinance was discussed and information was received concerning proposed amendments.[2] No public notice of the meeting was given.

The former Clerk of County Council, Ms. Player,[3] testified that she was instructed to call Council members and inform them of the closed meeting to be held prior to the public meeting for discussion of the ordinance and amendment. When she asked whether she should notify the press, she was told not to do so. She further testified that County "reached a consensus" about the amendment, although "no formal action was taken."

Wilson McQuen, a member of the executive committee of BLOC, testified that the amendment was not voted upon at the December 12 public meeting. Moreover, the minutes of the meeting show that the ordinance was given a third read-

---

[2] The ordinance was amended so that the rates would be raised for smaller businesses and reduced for larger businesses.

[3] It is noteworthy that Ms. Player was employed by County Council for *33 years*, the last 16 of which she was Clerk.

ing and adopted without a vote on the proposed amendment.

Based upon this evidence, the Master concluded that the amendment to the ordinance was adopted, not at the public meeting, but, illegally, at the closed meeting. He declared the ordinance invalid.

## ISSUES

1. Was injunctive relief proper?
2. Was invalidation of the ordinance proper?
3. Did the Master abuse his discretion in awarding BLOC attorney fees and costs?

## DISCUSSION

### A. *Injunction*

The Master enjoined County from "any further 'informal' or 'discussion' meetings" which violate the FOIA.

County argues that, inasmuch as it has agreed to comply with the FOIA and has instituted remedial measures for future compliance, the injunction was unnecessary and inappropriate. We disagree.

The FOIA specifically provides that where there has been a violation "[t]he court may order equitable relief as it considers appropriate, *and a violation of this chapter must be considered to be an irreparable injury for which no adequate remedy at law exists.*" S.C. Code Ann. § 30-4-100 (1991). (Emphasis supplied.)

Given the presumption that no adequate remedy at law exists, we find injunctive relief to be appropriate. First, County admits it has violated the FOIA. Second, the record shows there was at least one other violation in addition to the two at issue here. Under these facts, we hold that the Master's order for injunctive relief was not an abuse of discretion.

### B. *Invalidation of Ordinance*

The Master also held the ordinance invalid on the ground that County Council failed to follow proper procedure in passing the amended version of the ordinance. He found that, at the *closed* December 12 meeting, a consensus was reached on the amendment but that, at the subsequent public meeting, no motion to amend was made. Rather, the amended version was read as a "third reading"

and voted upon. The Master found this violative of § 30-4-70(a)(6), which precludes taking votes or formal action in an executive closed meeting and, accordingly, he ordered a refund of taxes paid under protest pursuant to the ordinance.

County argues that invalidation of the ordinance is impermissible, contending that no vote was taken at the closed meeting and, further, that the ordinance is presumed valid.

As noted above, the trial court, in its discretion, may order injunctive relief for FOIA violations as it considers appropriate. S.C. Code Ann. § 30-4-100 (1991). In reviewing actions in equity, this Court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976); *Braswell v. Roche*, 299 S.C. 181, 383 S.E. (2d) 243 (1989).

We agree with the Master that the evidence of record demonstrates that the amendment to the ordinance was illegally adopted at the closed meeting on December 12. Finally, based upon this evidence, we find no abuse of discretion on the part of the Master in ordering the equitable relief of invalidation of the ordinance.

## C. *Attorney Fees*

The FOIA provides:

> If a person or entity seeking such relief prevails, he or it may be awarded reasonable attorney fees and other costs of litigation. If such person or entity prevails, the court may in its discretion award him or it reasonable attorney fees or an appropriate portion thereof.

S.C. Code Ann. § 30-4-100(b) (1991).

The Master awarded BLOC attorney fees and costs in the amount of $12,253.08. The award represented one-half of the expenses incurred prior to remand by this Court, and the full amount of expenses for the subsequent trial before the Master.

We find this award of fees and costs to be supported by the evidence of record and within the guidelines set forth in *Baron Data Systems v. Loter*, 297 S.C. 382, 377 S.E. (2d) 296 (1989). Accordingly, we affirm the award.

Affirmed.