620 S.E.2d 65

**Karen DAVIS, Dorothy L. Hershey, William W. Nivens, Jr., Theresa L. Varas, Appellants,**

v.

**GREENWOOD SCHOOL DISTRICT 50, Respondent.**

No. 26039.

Supreme Court of South Carolina.

Heard June 14, 2005.

Decided Sept. 19, 2005.

630

W. Allen Nickles, III, and Dwayne T. Mazyck, both of Gergel, Nickles & Solomon, of Columbia, for Appellants.

Kenneth L. Childs, Allen D. Smith, and Allison Aiken Hanna, all of Childs & Halligan, of Columbia, for Respondent.

Chief Justice TOAL:

This is an appeal from the trial court's decision granting summary judgment in favor of Greenwood School District 50 (the District). At issue is whether the District was legally bound to give financial incentives to teachers who become national board certified. This case was certified for review pursuant to Rule 204(b), SCACR. We affirm.

## FACTUAL / PROCEDURAL BACKGROUND

Karen Davis, Dorothy L. Hershey, William W. Nivens, Jr., and Theresa L. Varas (Appellants) are employed by the District as continuing contract teachers.[1] Appellants have been employed by the District since at least the 1999–2000 school year. Appellants are licensed by the South Carolina Board of Education.

In 1997, the General Assembly enacted a statute giving a monetary incentive to teachers who completed the national board certification process.[2] Since 2000, the state has paid teachers an annual bonus of $7,500 for acquiring this certification. In addition, the state has reimbursed the teachers for the certification fee. Further, some school districts, including the District, have offered additional "bonuses" or "incentives" or "supplements"[3] to teachers who complete the certification process.

---

1. Continuing contract teachers are teachers whose contracts are renewed annually by the District unless the District fires the teachers for cause. *See* S.C.Code Ann. § 59–26–40 (Supp.2004) (explaining the various contract levels for teachers).

2. National board certification is an additional certification process above and beyond the state certification process. National board certification is a certificate teachers may seek on a voluntary basis in addition to the state certification. The certificate is valid for ten years.

3. We will refer to the monetary increase for national board certified teachers as an incentive.

At the beginning of the 1999–2000 school year, the Greenwood County School Board (the Board) adopted an incentive program to encourage teachers to become national board certified. Teachers becoming certified would receive a ten percent increase in their annual salary.[4] During that same school year, the District superintendent, Dr. Kinlaw, traveled to various schools in the District to talk about national board certification and the incentive program. The parties dispute how the program was portrayed, but all written documentation from the teachers' meetings reflects that Dr. Kinlaw told the teachers that they would receive a ten percent increase subject to the Board's approval each year.

During the 2002–03 year, however, the District had a budget shortfall. At the same time, the number of national board certified teachers had increased. To deal with the financial dilemma, the Board decided to offer a flat-rate incentive of $3,000 instead of a ten percent salary increase.

Appellants filed suit claiming that the District should be estopped from changing the incentive policy. Appellants also alleged breach of contract, breach of fiduciary duty, and violation of the South Carolina Payment of Wages Act. The trial court granted the District's motion for summary judgment. This appeal followed.

The following issue has been raised for review:

Did the trial court err in granting summary judgment for the District?

## LAW / ANALYSIS

### Summary Judgment

When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP; *Fleming*, 350 S.C. at 493, 567 S.E.2d at 860. When determining if any triable issues of fact exist, the evidence and all reasonable

---

4. The rate remained at ten percent for the 2000–01 and the 2001–02 school years.

inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 493–94, 567 S.E.2d at 860.

## A. Breach of Contract

Appellants argue that the District is liable for breach of contract. We disagree.

In order for a contract to be valid and enforceable, the parties must have a meeting of the minds as to all essential and material terms of the agreement. *Player v. Chandler,* 299 S.C. 101, 105, 382 S.E.2d 891, 894 (1989). In addition, the Statute of Frauds requires that a contract that cannot be performed within one year be in writing and signed by the parties. S.C.Code Ann. § 32–3–10 (1991).

■■ In the present case, Appellants are continuing contract teachers. Each year, the District offers the teacher a new contract for the following school year only. Appellants entered into a new contract every year subject to any changes in terms. Because the terms of the contract were subject to the approval of the Board each year, we hold that the District is not bound to the ten percent per year incentive program. Even if an agreement existed, it would be void under the Statute of Frauds because the alleged agreement was not in writing or signed by the parties.

Accordingly, we hold that the District was not liable for breach of contract.

## B. Promissory Estoppel

Appellants argue that they are entitled to relief under the doctrine of promissory estoppel. We disagree.

■ Promissory estoppel requires a claimant to prove: (1) the presence of an unambiguous promise; (2) the promisee reasonably relied upon the promise; (3) the reliance was expected and foreseeable by promisor; and (4) the promisee was injured as a result of reliance upon the promise. *Satcher v. Satcher,* 351 S.C. 477, 484, 570 S.E.2d 535, 538 (Ct.App. 2002).

■ In the present case, Appellants claim that they relied upon Dr. Kinlaw's promise that they would receive a pay increase for becoming national board certified. We hold that

Appellants have failed to show that their reliance on Dr. Kinlaw's statement was reasonable. The record indicates that Dr. Kinlaw informed Appellants on several occasions that the incentive was subject to the Board's approval. Therefore, it was unreasonable for Appellants to rely upon Dr. Kinlaw's statement that they would receive a ten-percent salary increase if they became national board certified.

As a result, we affirm the decision of the trial court to grant summary judgment in favor of the District on the issue of promissory estoppel.

### C. Fiduciary Duty

Appellants argue that the District breached a fiduciary duty owed to the teachers. We disagree.

 A confidential or fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience is bound to act in good faith and with due regard to the interests of the one imposing the confidence. *Hendricks v. Clemson Univ.*, 353 S.C. 449, 459, 578 S.E.2d 711, 716 (2003). A school district has a position of confidence with regard to its employees and therefore, a fiduciary duty exists between a school district and its employees. *Armstrong v. Sch. Dist. Five of Lexington and Richland Counties*, 26 F.Supp.2d 789, 797 (D.S.C.1998). One standing in a fiduciary relationship with another is subject to liability to the other for harm resulting from a breach of duty imposed by the relation. *Moore v. Moore*, 360 S.C. 241, 253, 599 S.E.2d 467, 473 (Ct.App.2004).

 In general, courts will not disturb matters within the school board's discretion unless there is clear evidence of corruption, bad faith, or a clear abuse of power. *H.H. Singleton v. Horry County Sch. Dist.*, 289 S.C. 223, 227–28, 345 S.E.2d 751, 753–54 (1986) (citing *Laws v. Richland County Sch. Dist. No. 1*, 270 S.C. 492, 495, 243 S.E.2d 192, 193 (1978)). Furthermore, an appellate court will not substitute its judgment for that of the school board's in view of the powers, functions, and discretion that must necessarily be vested in such boards if they are to execute the duties imposed upon them. *Id.* at 228, 345 S.E.2d at 754.

██ In the present case, the District, acting through the Board, made the decision to reduce the annual incentive from ten percent of one's annual salary to a sum certain of $3,000 per year. There is no evidence that the Board acted in bad faith or with malice in making this decision. Rather, a reasonable decision was made to give each teacher who was national board certified a sum certain to ensure that incentive could be offered in years where the budget might be tight. We find that this decision was clearly within the Board's discretion and that the Board did not breach its fiduciary duty to the teachers.

Accordingly, we hold that the trial court correctly granted summary judgment in favor of the District on the issue of whether the District breached its fiduciary duty toward Appellants.

### D. South Carolina Payment of Wages Act

Appellants argue that the trial court erred in ruling that District is not liable under the South Carolina Payment of Wages Act. We disagree.

██ The South Carolina Payment of Wages Act (the Act) prohibits employers from unilaterally withholding an employee's benefits. S.C.Code Ann. § 41–10–40(C) (Supp.2003). According to the Act:

[e]very employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment, and the deductions which will be made from the wages, including payments to insurance programs. The employer has the option of giving written notification by posting the terms conspicuously at or near the place of work. Any changes in these terms must be made in writing at least seven calendar days before they become effective. This section does not apply to wage increases.

S.C.Code Ann. 41–10–30(A) (Supp.2003).

In the present case, after the Board adopted the budget, the District informed Appellants about the change in wages well in advance of the seven-day statutory requirement. In addition, Appellants attended meetings where the District answered questions about the change and explained why the change had

to be made. Because Appellants were notified of the change in policy as required by law, we hold that the District did not violate the South Carolina Payment of Wages Act.

### CONCLUSION

Finding no genuine issue of material fact, we affirm the trial court's decision granting summary judgment in favor of the District.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.