# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Nancy Miramonti, Respondent,

v.

Richland County School District One, a body politic and corporate; and the Board of Commissioners of Richland County School District One, Appellants.

Appellate Case No. 2019-001624

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

Opinion No. 5958
Heard October 4, 2022 – Filed January 4, 2023

## AFFIRMED IN PART AND VACATED IN PART

Eugene Hamilton Matthews, of Richardson Plowden & Robinson, PA; and Kenneth Allen Davis, and Charles J. Boykin, both of Boykin Davis, LLC; and Sedeirdra Lynn Smith, all of Columbia, for Appellants.

L. Cody Smith and Jessica Clancy Crowson, both of Rogers Lewis Jackson Mann & Quinn, LLC, of Columbia, for Respondent.

**HILL, J:** In 2019, Richland County School District One (RCSD One) changed its policy regarding English for Speakers of Other Languages (ESOL) students to provide that ESOL students would no longer receive ESOL instruction at specific magnet schools but only at the schools for which they were zoned. The policy was

adopted after the deadline for transfer requests had expired. A parent of one ESOL student wrote a letter to the RCSD One Board (the Board) requesting the Board reopen the transfer request window to allow ESOL students currently attending magnet schools outside their assigned zones to request to stay at the magnet school for the following year.

At their next meeting, the Board went into executive session. The record is silent as to the stated purpose of the executive session. In the ensuing open meeting, Chairman Jamie Devine announced he had received the parent's complaint. According to the Board minutes, Chairman Devine stated, "The Board has responded" to the parent's complaint, and the parent "will get something in writing from the Board tomorrow." Commissioner Beatrice King then asked the Board counsel about the Board Policy requiring the Board to "consider" complaints about Board policies at the next meeting "and dispose of the matter according to its best judgment." Commissioner King asked the Board counsel whether the Board could dispose of a complaint without a vote. Counsel stated the parent's complaint was discussed during executive session, but counsel would not agree with Commissioner King that a vote was required to dispose of a complaint. Chairman Devine then interjected that "the best judgment of the Board is to send a letter to respond to this complaint," and a letter would be sent out tomorrow "based off the discussion we had in executive session." Commissioner King voiced her disagreement, noting "we can't vote in executive session." Chairman Devine responded no vote or motion was necessary.

The next day, Chairman Devine sent a letter to the parent on Board letterhead. The letter explained the parent had met with Chairman Devine and other district personnel about his question regarding the transfer policy. The letter declared "the answer to your question has remained and continues to be the same," without explaining what the answer was.

Nancy Miramonti (Respondent) then brought this lawsuit against the Board, seeking a declaratory judgment that the Board's actions regarding the parent's complaint violated the Freedom of Information Act (FOIA),[1] requesting attorney's fees pursuant to FOIA, and an order enjoining the Board from further FOIA violations and requiring the Board to reconsider the parent's complaint at its next meeting. The circuit court granted Respondent's requested relief. The Board now appeals. We affirm.

---

[1] S.C. Code Ann. §§ 30-4-10 to -165 (2007 & Supp. 2022).

# I.     STANDARD OF REVIEW

"A declaratory judgment action under the FOIA to determine whether certain information should be disclosed is an action at law." *Campbell v. Marion Cnty. Hosp. Dist.*, 354 S.C. 274, 280, 580 S.E.2d 163, 165 (Ct. App. 2003). "As to questions of law, this court's standard of review is de novo." *Citizens for Quality Rural Living, Inc. v. Greenville Cnty. Plan. Comm'n*, 426 S.C. 97, 102, 825 S.E.2d 721, 724 (Ct. App. 2019). Our standard of review extends to correct errors of law, but we will not disturb the trial court's factual findings as long as they have reasonable support in the record. *Seago v. Horry Cnty.*, 378 S.C. 414, 422, 663 S.E.2d 38, 42 (2008).

# II.     DISCUSSION

## A. Executive Session

The Board contends it did not abridge FOIA by discussing the parent's complaint letter in executive session because the discussion occurred while the Board was receiving legal advice. This argument stumbles at the starting block: a public body is forbidden from entering executive session without complying with section 30-4-70(b) of the South Carolina Code (2007), which states: "Before going into executive session the public agency shall vote in public on the question and when the vote is favorable, the presiding officer shall announce the specific purpose of the executive session." Because there is no evidence the Board complied with this section, its executive session was improper. *See Donohue v. City of North Augusta*, 412 S.C. 526, 531–33, 773 S.E.2d 140, 142–43 (2015) (announcement that "contractual matter" would be discussed in executive session insufficient to satisfy "specific purpose" requirement of section 30-4-70(b)).

Even if the Board had complied with the FOIA's specific purpose requirement when it retreated into executive session, it could not have taken any vote except to adjourn or resume its public session. § 30-4-70(b). Importantly, the "members of a public body may not commit the public body to a course of action by a polling of members in executive session." *Id*.

The Board argues it took no action on the parent's complaint during executive session. However, Chairman Devine's statements during the public meeting undercut this argument. Chairman Devine declared the decision to respond by letter to the parent's complaint was "based off the discussion" in executive session.

Nevertheless, the Board insists that because no vote on how to respond to the parent's complaint was taken, the Board did not take any action in executive session. This argument chases itself and then collides with Chairman Devine's statements and the letter he sent in response to the parent's complaint. These immovable facts support the circuit court's finding that the Board decided how to respond to the parent's complaint during executive session.

We further note Chairman Devine had no authority to send the letter without a majority vote permitting him to do so. Absent constitutional or legislative authority, an individual member of a public body has no authority to act. In general, a public body may act only after the action has been approved by a majority vote of a quorum of its members. *See Garris v. Governing Bd. of S.C. Reinsurance Facility*, 333 S.C. 432, 453, 511 S.E.2d 48, 59 (1998).

Our supreme court confronted a similar situation in *Business License Opposition Committee v. Sumter County*, 311 S.C. 24, 426 S.E.2d 745 (1992). There, the Sumter County Council passed an amended ordinance after discussing the ordinance in secret meetings that had not been publicly noticed. *Id*. at 26, 426 S.E.2d at 746-47. The clerk of the Council testified the Council had "reached a consensus" about amending the ordinance in the closed meetings, but "no formal action was taken." *Id*. at 26, 426 S.E.2d at 747. The County contended no vote was taken at the closed meeting, but the record showed that even though no motion was made to amend the ordinance, the amended version was read and passed during a subsequent public meeting. *Id*. at 28, 426 S.E.2d at 747. Seeing through the ruse, our supreme court held the ordinance had been amended during the closed meetings in violation of section 30-4-70(a)(g) and affirmed the circuit court order invalidating the ordinance. We see little daylight between *Sumter County* and this case.

Nor do we see any factual dispute that would have precluded the circuit court from ruling as a matter of law that the Board violated FOIA, a ruling we hereby affirm. *Cf. S.C. Lottery Comm'n v. Glassmeyer*, 433 S.C. 244, 251–52, 857 S.E.2d 889, 893 (2021) (remanding FOIA declaratory judgment action for trial because factual issues were in dispute).

### B. Injunctive Relief

The Board asserts the circuit court erred in issuing an injunction requiring it to consider and dispose of the parent's complaint at its next public meeting. The Board claims the injunction was, in effect, an improper grant of mandamus against a legislative body.

The FOIA, by its terms, empowers a circuit court to order injunctive relief it deems appropriate to rectify FOIA violations, and FOIA violations "must be considered to be an irreparable injury for which no adequate remedy at law exists." § 30-4-100(A) (2007 and Supp. 2022). It has been held proper, for instance, for a trial court to enjoin a public body from future FOIA violations. *See Sumter County*, 311 S.C. at 27, 426 S.E.2d at 747 (affirming trial court order enjoining County from any further informal meetings violating the FOIA); *Burton v. York Cnty. Sheriff's Dep't*, 358 S.C. 339, 354–56, 594 S.E.2d 888, 896–97 (Ct. App. 2004) (affirming order enjoining sheriff from future FOIA violations).

Notably, the Board has not appealed the circuit court's rulings enjoining it from improperly entering into executive session or taking any action in executive session in violation of FOIA. But the circuit court order requiring the Board to take up the complaint anew at its next public meeting stands on a different footing. We can understand the circuit court's frustration with the Board. The Board's cavalier disregard of FOIA reflects a clear abuse of power. *Cf. Singleton v. Horry Cnty. Sch. Dist.*, 289 S.C. 223, 227–28, 345 S.E.2d 751, 753 (Ct. App. 1986) ("Courts will not interfere with the exercise of discretion by school boards in matters committed by law to their judgment unless there is clear evidence that the board has acted corruptly, in bad faith, or in clear abuse of its powers.").

The portion of the injunction requiring the Board to reconsider the parent's complaint at its next meeting is not merely an equitable remedy for a FOIA violation; nor is it an instance of a court reviewing a completed legislative act. Rather, it is a judicial decree requiring the Board to take specific legislative action. *See Patton v. Richland Cnty. Council*, 303 S.C. 47, 49, 398 S.E.2d 497, 498 (1990) (noting the general rule that court will not restrain by injunction the exercise of legislative power). We agree with the Board that such an order should only ensue, if at all, by way of mandamus, a cause of action that was not pled or raised by Respondent. We therefore vacate this portion of the injunction.

**AFFIRMED IN PART AND VACATED IN PART.**

**GEATHERS and McDONALD, JJ., concur.**