2179

Formerly Unpublished Op. 94-UP-124.

Monique Danielle POLLARD,
Appellant v. COUNTY OF FLORENCE, Respondent.

(444 S.E. (2d) 534)

Court of Appeals

*Eugene A. Fallon, Jr.* and *H. Thad White, Jr.,* of *The Fallon Law Firm,* Florence, *for appellant.*

*Charles E. Carpenter, Jr., Charles N. Plowden, Jr.,* and *Deborah L. Harrison,* all of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

Heard April 12, 1994.

Decided April 26, 1994; Reh. Den. June 23, 1994.

*Per Curiam:*

In this action under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to -190 (Supp. 1993), Monique Danielle Pollard appeals from the circuit court's grant of summary judgment to Florence County on the ground that Pollard's claim was barred by the statute of limitations. We affirm.

On November 2, 1989, while driving a vehicle owned by the County of Florence, Susan Marie Weatherford, an employee of the Florence County Sheriff's Department, collided with Pollard's vehicle thereby injuring Pollard.

Seeking to recover damages for her injuries, Pollard served Florence County with a summons and complaint on March 9, 1992, more than two years after the incident.

In its summary judgment order, the circuit court properly sets forth and disposes of the principal issue before us; therefore, we adopt the order with some modifications.

## I. CIRCUIT COURT'S ORDER

The South Carolina Tort Claims Act governs all tort actions against governmental entities. Under S.C. Code Ann. § 15-78-110 (Supp. 1993), "any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered. . . ." Section 15-78-110 also provides for an extended three-year statute of limitations if the claimant first files a verified claim.

Under the general two-year statute of limitations, Pollard had until November 3, 1991, to file and serve her complaint. The complaint was served on March 9, 1992. Pollard's action clearly is barred under the two-year statute of limitations.

Pollard, however, argues she is entitled to the benefit of the three-year limitations period because she filed a claim within weeks of the accident.

### A.

The "claim" which must be filed to trigger the three-year statute of limitations is described in § 15-78-80:

> (a) A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and the place the loss occurred, the names of all persons involved if known, and the amount of loss sustained may be filed:
>
> . . . .
>
> (2) where the claim is against a political subdivision, with the political subdivision employing an employee whose alleged act or omission gave rise to the claim;
>
> . . . .
>
> (c) Filing may be accomplished by receipt of certified mailing of the claims or by compliance with the provisions of law relating to service of process.
>
> (d) The verified claim may be received by the Budget and Control Board or the appropriate agency or political subdivision. If filed, the claim must be received within one year after the loss was or should have been discovered.

During the pertinent time period, Barry Elliott, the Florence County Administrator, was the designated employee to accept the filing of such claims. Elliott testified by affidavit he never received a verified claim or any writing under oath setting forth the date of the loss, the extent of the loss, the circumstances of the loss, the people involved in the loss, and the amount of the loss or a demand for settlement.

Pollard admits she never filed a "verified claim." She argues, however, she substantially complied with the statute through correspondence and other communications between her attorney and a claims representative for the James C. Greene Company.

Her argument fails because the "verified claim" procedure must be strictly complied with in order to trigger the three-year limitations period.

### B.

The "verified claim" procedure under the South Carolina Tort Claims Act has been recently addressed by both the Supreme Court and the Court of Appeals. *Rink v. Richland Memorial Hosp.*, — S.C. —, 422 S.E. (2d) 747 (1992); *Searcy v. Dep't of Educ. Transp. Div.*, 303 S.C. 544, 402 S.E. (2d) 486 (Ct. App. 1991).

As the Court of Appeals noted in *Searcy*, § 15-78-80 expressly requires the person to file a verified claim in order to benefit from the three-year limitations period:

> A twofold purpose is served by a requirement of this kind. First, the governmental entity is put on notice so that it can both conduct an investigation while the facts are fresh and preserve the evidence. *Cochran v. City of Sumter*, 242 S.C. 382, 131 S.E. (2d) 153 (1963), *overruled on other grounds, McCall v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985). Second, a verification serves to discourage the filing of false claims because a verification permits a prosecution for perjury if the claim is fraudulent.

*Searcy*, 303 S.C. at 546, 402 S.E. (2d) at 487.

To satisfy the verification requirement, the claim must be under oath: "Without an oath, [a] document can [not] be considered as having been verified." *Id.* at 547,

402 S.E. (2d) at 488. Pollard admits she never submitted a document under oath.

The Supreme Court has held verification is not a mere formality and without verification any notice to the governmental entity is ineffective:

> The general rule is that "Where the statute . . . requires verification, failure to comply with such requirement will invalidate the notice or statement . . . even though no prejudice to the municipality results from the omission. . . ."

> "[I]f verification is required, the notice or claim must be verified to be effective, for such a requirement is held to be a matter of substance and not of mere form."

*Cochran*, 242 S.C. at 386-87, 131 S.E. (2d) at 155 (citations omitted).

A document that is not verified does not qualify as a "claim" under the South Carolina Tort Claims Act. Because Pollard did not submit a document under oath, she did not submit a "verified claim" which would entitle her to the three-year limitations period.

## II.

Pollard next argues Florence County either "waived" the two-year statute of limitations or is estopped from asserting the two-year statute of limitations because it admitted liability for Pollard's damages and made payments in partial satisfaction of her claim. The record reveals Pollard did not raise these issues to the circuit court; therefore, these issues are not properly before us. *Tri-County Ice and Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 399 S.E. (2d) 779 (1990); *Kneece v. Kneece*, 296 S.C. 28, 370 S.E. (2d) 288 (Ct. App. 1988).

## III.

Finally, we find no merit in Pollard's assertion that the circuit court committed reversible error in denying her motion to alter or amend the judgment under Rule 59(e) SCRCP, without first conducting a hearing or allowing her "to fully brief" the issues raised in her motion.

Under Rule 59(f), SCRCP, a Rule 59(e) motion "may in the discretion of the court be determined on the briefs filed by the parties *without oral argument*." (Emphasis added.)

Pollard's notice of motion and motion to alter or amend the judgment contains more than simply a notice of the motion and the motion itself. It consists of seven typewritten pages, sets forth arguments on the issues raised, and gives citations to legal authority. Although Pollard did not style her notice of motion and motion as a "brief," it nevertheless constitutes one in every sense of the word. Under these circumstances, the circuit court did not abuse its discretion in deciding Pollard's Rule 59(e) motion.

Affirmed.

BELL, GOOLSBY and CONNOR, JJ., concur.