597 S.E.2d 27

William L. CLINE, Respondent,

v.

J.E. FAULKNER HOMES, INC., Mascot Homes, Inc., and Modular Home Sets, Inc., Defendants,

of whom Modular Home Sets, Inc., is Appellant.

No. 3798.

Court of Appeals of South Carolina.

Submitted April 6, 2004.

Decided May 24, 2004.

---

Charles E. Carpenter, Jr., S. Elizabeth Brosnan and David A. Anderson, all of Columbia, for Appellant.

John K. Koon and M. Catherine Smith, both of Winnsboro, for Respondent.

HEARN, C.J.

After his newly purchased modular home was damaged during a delivery accident, Respondent William Cline brought suit against Appellant Modular Home Sets, Inc., as well as other defendants. The jury awarded Cline actual and punitive damages. Modular Home appeals, arguing the trial court erred by failing to dismiss Cline's action as barred by the statute of limitations. We reverse.

## FACTS

On July 7, 1997, Cline purchased a modular home from J.E. Faulkner Homes, a modular home dealer in Rock Hill, South Carolina. Setup of the home required it be delivered in two sections, both of which would be raised by crane and set upon a preexisting foundation at the delivery site. To facilitate the on-site placement, Faulkner Homes contracted with Modular Home to take responsibility for rigging the home. Anthony Crane Rental supplied the crane for the job.

On September 8, 1997, Faulkner Homes delivered the two sections of the home to the site. Clayburn "Red" Barnette, the president and sole officer of Modular Home, positioned the cables around the first section of the home, which was lifted and set into place on the foundation. Barnette then rigged the remaining section. When the crane began to lift the second section—the heavier of the two because it contained all of the home's plumbing fixtures—one of the rigging cables cut through a structural beam in the home. Cline was at the site at the time and saw the damage occur.

As a result of the accident, Cline initiated a negligence action against Faulkner Homes, Mascot Homes Sales Center, Stan Taylor Insurance Agency, and Anthony Crane Rental on December 3, 1999. Notably, Cline did not name either Barnette or Modular Home as a defendant. Cline amended his complaint in May 2000 and again in June 2000, both times

changing the named defendants, but on neither occasion adding Barnette or Modular Home.

According to Cline, he first learned that Barnette was not an employee of Faulkner Homes when he received interrogatory answers from Faulkner Homes on November 7, 2000. Even with this revelation in hand, Cline did not amend his complaint to include Barnette until August 14, 2001. Cline once again amended his complaint on December 6, 2001, naming Modular Home as a defendant. When Cline finally served Modular Home with the Second Amended Complaint on December 14, 2001, over four years had passed since the accident.

In its answer to Cline's complaint, Modular Home asserted the statute of limitations as an affirmative defense and also moved for summary judgment on the same grounds at the start of trial. The trial court denied the motion and the matter proceeded to the merits. Again on the grounds that the statute of limitations had expired, Modular Home moved for a directed verdict at the close of Cline's case. The court denied the motion.

The jury returned a verdict against both Modular Home and Faulkner Homes, awarding $75,000.00 actual damages[1] and $25,000.00 punitive damages against the former, and $25,000.00 actual and $15,000.00 punitive against the latter. Modular Home appeals.

## LAW/ANALYSIS

### Statute of Limitations

■ Modular Home argues the trial court erred in determining Cline's negligence action against it was not barred by the statute of limitations. We agree.

■ Section 15–3–530 of the South Carolina Code (Supp.2003) sets forth a three-year statute of limitations for negligence actions. Under the discovery rule, the statutory period begins to run from the date when the injury resulting

---

1. Because the jury's cumulative actual damages award exceeded the established maximum value of the home, the trial judge reduced this amount to $50,000.00.

from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence. *Smith v. Smith*, 291 S.C. 420, 426, 354 S.E.2d 36, 40 (1987). Under this objective test, one is charged with discovery when the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some claim might exist. *Austin v. Conway Hosp., Inc.*, 292 S.C. 334, 339, 356 S.E.2d 153, 156 (Ct.App.1987).

The parties agree that the accident occurred on September 8, 1997, and that Cline was present and knew of the incident on that date. To avoid the statute of limitations, Cline argues he did not know Modular Home was an independent contractor until November 2000 when he received answers to Cline's interrogatories.[2] However, under South Carolina law, the date when a plaintiff learns of a potential new defendant has absolutely no bearing on the timing of the statute of limitations. Such was the explicit holding of our supreme court in *Wiggins v. Edwards*, 314 S.C. 126, 128, 442 S.E.2d 169, 170 (1994):

> [T]he focus is upon the date of discovery of the injury, not the date of discovery of the wrongdoer: The important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of another alleged wrongdoer. If, on the date of injury, a plaintiff knows or should know that she had some claim against someone else, the statute of limitations begins to run for all claims based on that injury.

Here, the statute of limitations began to run in September of 1997, when Cline discovered his home was damaged. Because three years had expired by the time Cline named Modular Home as a defendant, his negligence claim against Modular Home was barred by the statute of limitations. Accordingly,

---

**2.** Cline also argues that his addition of Modular Home should relate back to his original pleading under Rule 15(c), SCRCP. However, relation back applies only when an existing party is changed, not when a new party is added to a complaint. *See Jackson v. Doe*, 342 S.C. 552, 558, 537 S.E.2d 567, 570 (Ct.App.2000) ("The language of Rule 15(c) clearly speaks to a *change* in party, not the *addition* of a defendant to an already existing defendant." (emphasis in original)).

we find the trial court erred in failing to grant Modular Home's motions for directed verdict.[3]

**REVERSED.**

ANDERSON and BEATTY, JJ., concur.

---

**3.** Because we find the statute of limitations has run, we need not address Modular Home's other argument on appeal.