627 S.E.2d 746

**Esther GILLMAN, Appellant,**

v.

**CITY OF BEAUFORT, South Carolina, A Municipal Corporation; City of Beaufort Public Works Department; State of South Carolina and South Carolina Department of Public Transportation, Respondents.**

No. 4073.

Court of Appeals of South Carolina.

Heard Oct. 5, 2005.

Decided Jan. 17, 2006.

Rehearing Denied March 22, 2006.

Samuel L. Svalina, of Beaufort, for Appellant.

C. Scott Graber, of Beaufort, for Respondents.

SHORT, J.:

Esther Gillman appeals the trial court's ruling, dismissing her claim for negligence against the South Carolina Department of Transportation and the State of South Carolina. We affirm.

## FACTS

On May 27, 2001, Gillman was walking along a sidewalk in Beaufort when she fell because the sidewalk was uneven. On May 22, 2003, Gillman filed her initial complaint against the City of Beaufort, City of Beaufort Department of Public Works, St. Helena's Parish, Inc., and the Protestant Church of the Diocese of South Carolina for injuries she sustained to her wrist and knee as a result of the fall. All of the defendants answered on June 23, 2003 and each asserted that it did not own or exercise control over the sidewalk.

After Gillman learned the sidewalk was located on a right of way owned by the South Carolina Department of Transportation, she filed a motion to join SCDOT and the State of South

Carolina (collectively "the State") as an indispensable party pursuant to Rule 19, SCRCP. On June 24, 2004, more than three years after the accident, the trial court ordered the State added as an indispensable party to the lawsuit because the State owned the sidewalk. The trial court also granted summary judgment in favor of St. Helena's Parish and the Protestant Church, and denied summary judgment to the City of Beaufort and the City of Beaufort Public Works Department. Thereafter, on July 24, 2004, Gillman filed an amended summons and complaint adding the State as a defendant.

The State filed a motion to dismiss, asserting the action was barred by the applicable statute of limitations. On November 12, 2004, the trial court granted the motion to dismiss. This appeal followed.

## LAW/ANALYSIS

■ Gillman argues the trial court erred in dismissing her action against the State based on the statute of limitations. We disagree.

Rule 19, SCRCP allows a court to join, whenever possible, persons materially interested in an action so that a complete determination may be made. Rule 19 states:

(a) **Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Gillman argues that because Rule 19(a) does not contain an express limitation proscribing the court's power to effectuate

joinder of parties against whom the statute of limitations has run, the trial court must join a necessary party even if the statute of limitations would otherwise bar the claim.[1] Gillman also assets that our supreme court's decision in *BancOhio Nat'l Bank v. Neville*, 310 S.C. 323, 426 S.E.2d 773 (1993), indicates there is no limitation on a court's power to add an indispensable party. In *BancOhio* the supreme court ordered the State added as a party after an action was filed, tried, and heard on appeal because the State was a necessary party. *Id.* at 329, 426 S.E.2d at 777. *BancOhio* involved a property dispute concerning the closure of a roadway, and there was no statute of limitations which would have barred the claim against the State or limited the court's power to add the State as a necessary party pursuant to Rule 19, SCRCP. *Id.* at 328–29, 426 S.E.2d at 777. Therefore, *BancOhio* is distinguishable from the case at bar because Gillman is asserting a negligence cause of action against the State, to which the South Carolina Tort Claims Act applies. S.C.Code Ann. § 15–78–110 (2005).

The Tort Claims Act is a limited waiver of governmental immunity, and sets forth a maximum three-year statute of limitations in which negligence actions may be brought against the state. S.C.Code Ann. § 15–78–110 (2005) ("Except as provided for in Section 15–3–40, any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered; provided, that if the claimant first filed a claim pursuant to this chapter then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered.")

 Under the discovery rule, the statutory limitations period begins to run from the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence. *Cline v. J.E. Faulkner Homes, Inc.*, 359 S.C. 367, 371–72, 597 S.E.2d 27, 29 (Ct.App.2004). The date when a plaintiff learns of a

---

1. Gillman does not argue that the amendment to her pleading adding the State as a party relates back to the date of the original pleading under Rule 15, SCRCP; therefore, we do not address that issue.

potential new defendant has absolutely no bearing on the timing of the statute of limitations. *Id.* at 371, 597 S.E.2d at 29.

Our courts have not specifically addressed the question of whether an indispensable party may assert the statute of limitations as an affirmative defense when the party is joined pursuant to Rule 19, SCRCP, after the applicable statute of limitations has expired. However, it is well established that the statute of limitations operates as a defense to limit the remedy available from an existing cause of action, and unless the action is commenced before the expiration of the limitations period, the plaintiff's claim is barred. *City of North Myrtle Beach v. Lewis–Davis,* 360 S.C. 225, 230–31, 599 S.E.2d 462, 464 (Ct.App.2004) (quoting *Blyth v. Marcus,* 322 S.C. 150, 152–53, 470 S.E.2d 389 (1996)); *see also Bagwell v. Hinton,* 205 S.C. 377, 393, 32 S.E.2d 147, 153–54 (1944) (holding, in a pre-rule decision, that a statute providing for the amendment of pleadings does not permit a court, under color of ordering an amendment, to abrogate the statute of limitations).

We can find nothing in Rule 19 that prohibits a defendant from raising an affirmative defense, such as the statute of limitations, when a plaintiff attempts to join the party as necessary for a just adjudication. Moreover, Rule 12(b), SCRCP, expressly permits a party to assert every defense, in law or fact, that he may have in responsive pleadings. The parties agree that Gillman's accident occurred on May 27, 2001. Gillman did not serve the State until July 21, 2004, after the trial court ordered it joined as an indispensable party. The State asserted the statute of limitations as a defense, and the trial court dismissed the claim because more then three years had elapsed between the date of the injury and the date the State was joined as a necessary party. Because we can discern nothing that deprives a party joined under Rule 19 of any defense it may have, we find no abuse of discretion in the trial court's decision to grant the State's motion to dismiss. Therefore, the order of the trial court is

**AFFIRMED.**

GOOLSBY, and BEATTY, JJ., concur.