THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Hattie Knuckles
 as guardian ad litem for Robert H. Knuckles and Hattie Knuckles, Appellants,
 v.
 Steven Ray
 Fryatt, RaceTrac Petroleum, Inc., John Doe d/b/a Buckets of Beer, John Doe
 d/b/a Buckets Cafe, Christopher K. Haynes, Christopher K. Haynes d/b/a Buckets
 Cafe, Buckets Cafe, LLC, John Doe, and/or John Doe Corporation, Defendants,
 Of Whom John
 Doe d/b/a Buckets of Beer, John Doe d/b/a Buckets Cafe, Christopher K.
 Haynes, Christopher K. Haynes d/b/a Buckets of Beer, Christopher K. Haynes
 d/b/a Buckets Cafe, Buckets Cafe, LLC, are Respondents.
 
 
 

Appeal From Lexington County
 R. Knox McMahon, Circuit Court Judge
Unpublished Opinion No.   2011-UP-025 
Submitted January 1, 2011  Filed January
 25, 2011
AFFIRMED

 
 
 
 J. Kendall Few, of Greer, for Appellants.
 William A. Coates and Joseph O. Smith, both of Greenville, for
 Respondents.
 
 
 

PER CURIAM:  Hattie Knuckles appeals the dismissal of her personal
 injury claim against John Doe
 d/b/a Buckets of Beer, John Doe d/b/a Buckets Cafe, Christopher K. Haynes, Christopher
 K. Haynes d/b/a Buckets of Beer, Christopher K. Haynes d/b/a Buckets Cafe,
 Buckets Cafe, LLC (collectively Buckets),
 arguing that the trial court erred in granting
 Buckets' motion for summary judgment on the ground the statute of limitations
 had not run because the amended complaint related back to the date of the
 original complaint.  We disagree.
We
 affirm[1] because the amended complaint was filed after the statute of limitations
 passed.  The amended complaint does not relate back to the date of the original
 complaint under Rule 15(c) of the South Carolina Rules of Civil Procedure
 because new defendants were added.  Relation
 back to original pleadings applies only when an existing party is changed, not
 when a new party is added to a complaint.  Cline v. J.E. Faulkner Homes,
 Inc., 359 S.C. 367, 371 n.2, 597 S.E.2d 27, 29 n.2 (Ct. App. 2004) (holding
 that relation back to original pleadings applies only when an existing party is
 changed, not when a new party is added to a complaint); See Jackson
 v. Doe, 342 S.C. 552, 558, 537 S.E.2d 567, 570 (Ct. App. 2000) (finding
 that Rule 15(c) addresses correcting or substituting a party, not adding a
 party).  Here, the parties added by the amendment were in addition to the John
 Doe party and therefore, this was not a correction or substitution of a party.
 Accordingly, the decision of the trial court is 

AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.