**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark D. Ostendorff, Appellant,

v.

School District of Pickens County, Respondent.

Appellate Case No. 2015-001361

———————————

Appeal From Pickens County
Lee S. Alford, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-193
Submitted April 1, 2018 – Filed May 9, 2018

———————————

**AFFIRMED**

———————————

Mark Ostendorff, of Central, pro se.

Thomas Kennedy Barlow, of Columbia, for Respondent.

———————————

**PER CURIAM:** Mark Ostendorff, pro se, appeals a circuit court order granting summary judgment to the School District of Pickens County (the District). On appeal, Ostendorff argues (1) his cause of action was not time-barred because he filed a verified complaint within three years; (2) his complaint alleged sufficient facts for his breach of contract claim; (3) his breach of contract claim was not time-barred; and (4) the circuit court erred in granting summary judgment because

the District refused to provide discovery.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the granting of summary judgment under the same standard applied by the [circuit court] under Rule 56(c), SCRCP."); Rule 56(c), SCRCP ("[Summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); S.C. Code Ann. § 15-78-110 (2005) ("[A]ny action brought pursuant to [the South Carolina Tort Claims Act (the Act)] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered; provided, that if the claimant first filed a [verified] claim pursuant to this chapter then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered."); S.C. Code Ann. § 15-78-80(a) (2005 & Supp. 2017) ("A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed: (1) in cases against the State, with the State Fiscal Accountability Authority, or with the agency employing an employee whose alleged act or omission gave rise to the claim; (2) where the claim is against a political subdivision, with the political subdivision employing an employee whose alleged act or omission gave rise to the claim; (3) where the identification of the proper defendant is in doubt, with the Attorney General."); S.C. Code Ann. § 15-78-80(d) (2005 & Supp. 2017) ("If filed, the [verified] claim must be received within one year after the loss was or should have been discovered."); *Pollard v. Cty. of Florence*, 314 S.C. 397, 400, 444 S.E.2d 534, 536 (Ct. App. 1994) ("To satisfy the verification requirement, the claim must be under oath[.]"); *id.* at 401, 444 S.E.2d at 53 ("A document that is not verified does not qualify as a 'claim' under [the Act]."); *Logan v. Cherokee Landscaping & Grading Co.*, 389 S.C. 611, 618, 698 S.E.2d 879, 883 (Ct. App. 2010) ("The courts of South Carolina apply the 'discovery rule' to determine when a cause of action accrues under [the Act]."); *Gillman v. City of Beaufort*, 368 S.C. 24, 27, 627 S.E.2d 746,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

748 (Ct. App. 2006) ("Under the discovery rule, the statutory limitations period begins to run from the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence."); *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 123, 542 S.E.2d 736, 740 (Ct. App. 2001) ("The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question.").

As to issues 2 and 3: S.C. Code Ann. § 15-3-530(1) (2005) (providing a three-year statute of limitations for actions upon contracts); *Barron v. Labor Finders of S.C.*, 393 S.C. 609, 614, 713 S.E.2d 634, 636 (2011) ("In South Carolina, employment at-will is presumed absent the creation of a specific contract of employment."); *id.* ("An at-will employee may be terminated at any time for any reason or for no reason, with or without cause."); S.C. Code Ann. § 32-3-10(5) (2007) ("No action shall be brought . . . [t]o charge any person upon any agreement that is not to be performed within the space of one year from the making thereof[, u]nless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized."); *Davis v. Greenwood Sch. Dist. 50*, 365 S.C. 629, 634, 620 S.E.2d 65, 67 (2005) ("[T]he [s]tatute of [f]rauds requires that a contract that cannot be performed within one year be in writing and signed by the parties.").

As to issue 4: *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [circuit court].").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**