**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

City of Charleston, Charleston Police & Fire Departments, Respondents,

v.

Derrell Beckley, Appellant.

Appellate Case No. 2014-002243

―――――――――――――

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2018-UP-205
Submitted April 1, 2018 – Filed May 9, 2018

―――――――――――――

**AFFIRMED**

―――――――――――――

Derrell Beckley, of North Charleston, pro se.

Christopher Thomas Dorsel, of Senn Legal, LLC, of Charleston, for Respondents.

―――――――――――――

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 15-78-110 (2005) ("[A]ny action brought pursuant to [the South Carolina Tort Claims Act (the Act)] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered . . . ."); *Logan v. Cherokee Landscaping & Grading Co.*, 389 S.C. 611,

618, 698 S.E.2d 879, 883 (Ct. App. 2010) ("The courts of South Carolina apply the 'discovery rule' to determine when a cause of action accrues under [the Act]."); *Gillman v. City of Beaufort*, 368 S.C. 24, 27, 627 S.E.2d 746, 748 (Ct. App. 2006) ("Under the discovery rule, the statutory limitations period begins to run from the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence."); *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 123, 542 S.E.2d 736, 740 (Ct. App. 2001) ("The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question."); Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.