**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Branch Banking and Trust Company, Respondent,

v.

Cindy B. Hunt, Willow Greens Homeowners Association, Inc., CJ Developers, LLC, Defendants,

of Whom Cindy B. Hunt is the Appellant.

Appellate Case No. 2016-001550

---

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity

---

Unpublished Opinion No. 2019-UP-389
Submitted October 1, 2019 – Filed December 18, 2019

---

**AFFIRMED**

---

Cindy B. Hunt, pro se, of Conway, for Appellant.

Sean Matthew Foerster, of Rogers Townsend & Thomas, PC, of Columbia, for Respondent.

---

**PER CURIAM:** Cindy B. Hunt appeals the Master-in-Equity's order denying her motions to alter, amend, or vacate previous orders, which denied her motion for

default judgment, dismissed her counterclaims, and denied her motion for attorney's fees and costs. We affirm.

1. The master did not abuse her discretion in denying Hunt's motion to alter, amend, or vacate the order that dismissed her amended counterclaims for lack of jurisdiction. *See BB&T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502-03 (2006) (stating the decision to grant or deny a motion under Rule 60(b), SCRCP, lies within the sound discretion of the trial court); *Pollard v. Cty. of Florence*, 314 S.C. 397, 402, 444 S.E.2d 534, 536 (Ct. App. 1994) (stating the decision to grant or deny a motion under Rule 59(e), SCRCP, lies within the sound discretion of the trial court); *Taylor*, 369 S.C. at 551, 633 S.E.2d at 503 ("An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."); *Limehouse v. Hulsey*, 404 S.C. 93, 105, 744 S.E.2d 566, 573 (2013) ("Removal proceedings impact the jurisdiction of the state court in that removal of a state case to federal court 'divests' the state court of jurisdiction."). After issuing an oral order on October 14, 2014, stating she would dismiss Hunt's counterclaims, the master issued a Form 4 order that denied Hunt's motion for default judgment and confirmed the dismissal of her amended counterclaims on October 28, 2014. Hunt did not file the notice of removal until November 10, 2014. *See* 28 U.S.C. § 1446(d) (2018) ("Promptly *after* the filing of [a] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such [s]tate court, which shall effect the removal and the [s]tate court shall proceed no further unless and until the case is remanded." (emphasis added)). Accordingly, we affirm as to this issue.

2. The master did not err in denying Hunt's motion for default judgment on her amended counterclaims. *See Holden v. Cribb*, 349 S.C. 132, 137, 561 S.E.2d 634, 637 (Ct. App. 2002) ("A threshold inquiry for any court is a determination of justiciability, *i.e.*, whether the litigation presents an active case or controversy." (quoting *Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct. App. 1998))); *id.* ("The concept of justiciability encompasses the doctrines of ripeness, mootness, and standing."); *id.* at 137-38, 561 S.E.2d at 637 ("A case becomes moot when judgment, if rendered, will have no practical effect upon [an] existing controversy." (quoting *Seabrook v. City of Folly Beach*, 337 S.C. 304, 306, 523 S.E.2d 462, 463 (1999))).

3. The master did not err in declining to find BB&T engaged in forum shopping and vexatious litigation. *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d

505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

4. The master did not abuse her discretion in denying Hunt's motion to alter, amend, or vacate the order that denied Hunt's motion for attorney's fees and costs. *See Taylor*, 369 S.C. at 551, 633 S.E.2d at 503 (stating the decision to grant or deny a motion under Rule 60(b), SCRCP, lies within the sound discretion of the trial court); *Pollard*, 314 S.C. at 402, 444 S.E.2d at 536 (stating the decision to grant or deny a motion under Rule 59(e), SCRCP, lies within the sound discretion of the trial court); *Taylor*, 369 S.C. at 551, 633 S.E.2d at 503 ("An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."); *Heath v. Cty. of Aiken*, 302 S.C. 178, 182, 394 S.E.2d 709, 711 (1990) (stating attorney's fees are generally only awarded to a prevailing party); *Heath*, 302 S.C. at 182-83, 394 S.E.2d at 711 (defining a prevailing party as "[t]he one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered" (quoting *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964))); Rule 41(d), SCRCP ("If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."); *Shuler v. Crook*, 290 S.C. 538, 541, 351 S.E.2d 862, 863 (1986) ("The general rule, however, is that attorney fees are not included in the term 'costs' in the absence of some statutory provision, rule of court, or contract of the parties."); *Calhoun v. Calhoun*, 339 S.C. 96, 100, 529 S.E.2d 14, 17 (2000) (finding pro se litigants, whether an attorney or lay person, may not recover attorney's fees).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.