**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Frank, individually, and as the parent and guardian of a minor, Appellant,

v.

South Carolina Department of Social Services, Respondent.

Appellate Case No. 2017-002024

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2020-UP-008
Submitted November 1, 2019 – Filed January 15, 2020

**AFFIRMED**

J. Cameron Halford, of Halford, Niemiec & Freeman, LLP, of Fort Mill, for Appellant.

Walter Keith Martens, of Hamilton Martens, LLC, of Rock Hill, and Michael Elliot Hirsch, of Clawson & Staubes, LLC, of Charlotte, North Carolina, both for Respondent.

**PER CURIAM:**  Michael Frank appeals the circuit court's order dismissing his complaint against the South Carolina Department of Social Services (DSS).  Frank argues the circuit court erred by finding his complaint time-barred, finding he failed to allege facts to support any cause of action against DSS under any theory of liability pertaining to gross negligence, and failing to view the facts in the light most favorable to him, as required under the standard of review.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find the circuit court did not err in dismissing the complaint based on the statute of limitations.  *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6) SCRCP, an appellate court applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the [appellant] to relief on any theory of the case.'").  Here, the circuit court properly dismissed the complaint based on the statute of limitations because the injuries alleged in the complaint stemmed from a hearing held on December 10, 2013, and the complaint was not filed until March 23, 2017.  *See* S.C. Code Ann. § 15-78-110 (2005) ("[A]ny action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered . . . ."); *Gillman v. City of Beaufort*, 368 S.C. 24, 27, 627 S.E.2d, 746, 748 (Ct. App. 2006) ("Under the discovery rule, the statutory limitations period begins to run from the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence.").

2.  Because Frank's claims are barred by the statute of limitations, we decline to address his remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) ("[An] appellate court need not address remaining issues when disposition of prior issue is dispositive.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.