**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shykiem Universal Smith, Appellant.

Appellate Case No. 2018-001219

———————

Appeal From Richland County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-210
Submitted July 1, 2020 – Filed July 8, 2020

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Shykiem Universal Smith pled guilty to voluntary manslaughter and attempted armed robbery pursuant to *Alford v. North Carolina*, 400 U.S. 15 (1970). He was sentenced to twelve years on both counts to run concurrently.

Prior to the sentencing, plea counsel made the sentencing court aware that Smith had been voluntarily cooperating with the State regarding charges brought against his co-defendant. The State ultimately recommended a sentencing range of two to twelve years on the charges.

Ten days after sentencing, Smith filed a timely motion to reconsider his sentence on the grounds that the court allegedly "did not give sufficient consideration to Smith's cooperation with the State in the prosecution of [his co-defendant]." Roughly six months later, and without holding a hearing or requesting additional briefing, the sentencing court denied Smith's motion. The court wrote its ruling on a copy of Smith's motion to reconsider, explaining: "After consideration of all facts & circumstances and Defendant's file; Defendant's Motion to Reconsider is Denied."

Smith argues that Rule 29(a) of the South Carolina Rule of Criminal Procedure grants a court the discretion to either conduct a hearing or receive briefs when considering a motion to reconsider but does not grant the court the discretion to rule without doing at least one of those things. Smith bases his argument on a plain reading of Rule 29(a). He contends "it is clear from [the rule] that when a party makes a post-trial motion, the [court] shall hear the motion," and that only when parties file briefs may the court decide the motion without oral argument.

We decline to reach Smith's argument that Rule 29(a) requires either a hearing or briefs. Smith failed to preserve this issue for review as he never asked the sentencing judge to hold a hearing or allow briefing. Smith could have made this request in his initial motion or in a second motion for reconsideration after the court denied his motion to reconsider. A basic requirement of error preservation is that the alleged error on appeal must have been raised to the trial court. *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 421–22, 526 S.E.2d 716, 724 (2000).

We also note Smith presented no evidence to support a finding that he was prejudiced by the procedure followed here. The record contains evidence that the sentencing judge did, in fact, consider Smith's cooperation. When pronouncing the sentence, the court specifically stated, "I have taken into account the totality of the circumstances" and "I have taken into account [Smith's] cooperation, [and] also his willingness to testify." Smith did not identify any reason to question or look behind those statements.

Finally, even if we looked past error preservation, the result would be the same. Smith's motion was the functional equivalent of a brief and the case would be

governed by the principles expressed in *Pollard v County of Florence*, 314 S.C. 397, 444 S.E.2d 534 (Ct. App. 1994). *Pollard* is factually distinguishable in that it involved the South Carolina Rules of Civil Procedure rather than the criminal rules, but the language of Rule 59(f) is virtually identical to the language of Rule 29(a) of the South Carolina Rules of Criminal Procedure.

Here, while Smith's written motion was not lengthy and did not cite authorities, it directly identified his argument—Smith requested the sentencing court reconsider the sentence in light of his willingness to cooperate with the State. The motion plainly stated the same argument Smith made at sentencing. As such, his motion was the functional equivalent of a brief and neither a hearing nor briefs were required.

For the foregoing reasons, the judgment below is affirmed.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.