**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

1st Franklin Financial Corporation, Respondent,

v.

Estate of Roby A. Adams, Appellant.

Appellate Case No. 2020-001127

Appeal From Dorchester County
James E. Chellis, Master-in-Equity

Unpublished Opinion No. 2023-UP-024
Submitted November 1, 2022 – Filed January 25, 2023

**AFFIRMED AS MODIFIED**

John R Cantrell, Jr., of Cantrell Legal, PC, of St. Matthews, for Appellant.

Robert Hope Jordan and Robert Crum Osborne, III, both of Parker Poe Adams & Bernstein, LLP, of Charleston, for Respondent.

**PER CURIAM:** Roby A. Adams appeals an order of the master-in-equity granting partial summary judgment in favor of 1st Franklin Financial Corporation (1st Franklin). On appeal, Adams argues the master erred by (1) ruling as a matter of law that the South Carolina legislature did not intend to impose strict liability

for a violation of section 37-5-108 of the South Carolina Code (2015); (2) granting summary judgment on Adams's counterclaims that 1st Franklin falsely represented the amount of the debt that was owed; and (3) denying Adams's Rule 59, SCRCP, motion in regards to those issues. We affirm as modified.

1. We hold the master did not err by determining the South Carolina legislature did not intend to impose strict liability for a violation of section 37-5-108. *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("Under the plain meaning rule, it is not the [appellate] court's place to change the meaning of a clear and unambiguous statute."); S.C. Code Ann. § 37-5-108(2) (2015) ("With respect to a consumer credit transaction, if the court as a matter of law finds that a person has engaged in, is engaging in, or is likely to engage in unconscionable conduct in collecting a debt arising from that transaction, the court may grant an injunction."); S.C. Code Ann. § 37-5-108(5)(c) (2015) ("In applying subsection (2), *consideration shall be given* to each of the following factors, among others, as applicable: . . . using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction." (emphasis added)); *White v. State*, 375 S.C. 1, 7, 649 S.E.2d 172, 175 (Ct. App. 2007) ("In construing a statute, this [c]ourt should not consider the particular clause being construed in isolation, but we should read the clause in conjunction with the purpose of the whole statute and the policy of the law."); S.C. Code Ann. § 37-5-108(3) (2015) ("If it is claimed or appears to the court . . . that a person has engaged in, is engaging in, or is likely to engage in unconscionable conduct in collecting a debt, the parties shall be afforded a reasonable opportunity to present evidence . . . to aid the court in *making the determination*." (emphasis added)).

2. We hold the master did not err by granting 1st Franklin partial summary judgment on Adams's counterclaim alleging 1st Franklin acted unconscionably by falsely representing the amount of debt Adams owed by $9.08. *See Woodson v. DLI Props., LLC*, 406 S.C. 517, 528, 753 S.E.2d 428, 434 (2014) ("In reviewing a grant of summary judgment, our appellate court applies the same standard as the [master] under Rule 56(c), SCRCP."); Rule 56(c) (explaining a trial court may properly grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 438 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary

support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* ("[T]he nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); § 37-5-108(2) ("With respect to a consumer credit transaction, if the court as a matter of law finds that a person has engaged in, is engaging in, or is likely to engage in unconscionable conduct in collecting a debt arising from that transaction, the court may grant an injunction."). However, to the extent the master's order prevents Adams from presenting additional evidence in future proceedings, we modify the order and hold Adams cannot present additional evidence on the specific claim on which the master granted summary judgment.

3. We hold the master did not err by denying Adams's Rule 59 motion. *See Pollard v. Cnty. of Florence*, 314 S.C. 397, 402, 444 S.E.2d 534, 536 (Ct. App. 1994) (reviewing the circuit court's ruling on a Rule 59(e) motion pursuant to an abuse of discretion standard); *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) ("An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."); Rule 52(a), SCRCP ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).").

**AFFIRMED AS MODIFIED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.