**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph Terrell Lewis, Appellant,

v.

Roberta Hardy, Respondent.

Appellate Case No. 2022-001596

———————————

Appeal From Williamsburg County
Thomas M. Bultman, Family Court Judge

———————————

Unpublished Opinion No. 2024-UP-375
Submitted October 1, 2024 – Filed October 30, 2024

———————————

**AFFIRMED**

———————————

Donald Jay Budman, of Solomon Budman & Stricker, LLP, of Charleston, for Appellant.

Megan Catherine Hunt Dell, of Dell Family Law, P.C., of Charleston, for Respondent.

———————————

**PER CURIAM:** Joseph Terrell Lewis (Husband) appeals the family court's final order denying Husband's requested termination of Roberta Hardy's (Wife's) alimony award on the ground their void marriage could not serve as a basis to award alimony. On appeal, Husband argues the family court erred in (1) finding his action was barred by res judicata, (2) failing to find the family court lacked

subject matter jurisdiction, (3) finding his action was barred by the law of the case doctrine without considering its exceptions, (4) not allowing briefing or a hearing on his motion to alter or amend, and (5) awarding attorney's fees to Wife. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the family court did not err in finding Husband's action was barred by res judicata. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Greene v. Greene*, 439 S.C. 427, 439-40, 887 S.E.2d 157, 164 (Ct. App. 2023) ("The appellant bears the burden of convincing the appellate court that the family court committed error or the preponderance of the evidence is against the family court's findings."). We find that (1) Husband and Wife were parties to both litigations, (2) both litigations involved the validity of the parties' marriage and whether it could serve as the basis for an alimony award, and (3) the issue of the validity of the parties' marriage was adjudicated by both the family court and this court during the 2004 litigation. *See Catawba Indian Nation v. State*, 407 S.C. 526, 538, 756 S.E.2d 900, 907 (2014) ("Res judicata may be applied if (1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction."); *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties."); *id.* ("Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" (quoting *Hilton Head Ctr. of South Carolina, Inc. v. Pub. Serv. Comm'n of South Carolina*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987))); *Catawba Indian Nation*, 407 S.C. at 537, 756 S.E.2d at 906 ("Claim preclusion bars plaintiffs from pursuing a later suit where the claim (1) was litigated or (2) could have been litigated.").

2. We hold the family court did not err in finding it had subject matter jurisdiction in the 2004 case because the family court has subject matter jurisdiction to determine the validity of the marriage, and the family court ruled against Husband. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992) ("The family court has jurisdiction to determine any issue affecting the validity of a contract of marriage." (citing S.C. Code Ann. § 20-1-510 (2014)).

3. Because we hold Husband's claim was barred by res judicata, it is not necessary to address whether the family court erred in finding Husband's claim was barred by

the law of the case doctrine.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

4.  We hold the family court did not abuse its discretion in deciding Husband's motion filed pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure without allowing him to brief or argue his motion to the family court.  *See Sellers v. Nicholls*, 432 S.C. 101, 113, 851 S.E.2d 54, 60 (Ct. App. 2020) ("When 'reviewing a family court's evidentiary or procedural rulings,' appellate courts apply 'an abuse of discretion standard.'"  (quoting *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018))); *Patel v. Patel*, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004) ("An abuse of discretion occurs either when a court is controlled by some error of law, or where the order is based upon findings of fact lacking evidentiary support."); *Pollard v. Cnty. of Florence*, 314 S.C. 397, 402, 444 S.E.2d 534, 536 (Ct. App. 1994) ("Under Rule 59(f), [South Carolina Rules of Civil Procedure], a Rule 59(e) motion 'may in the discretion of the court be determined on the briefs filed by the parties without oral argument.'").  Husband's motion to amend or alter was like a brief, containing just over seven pages that set forth arguments on the issues raised and citations to legal authority.  *See Pollard*, 314 S.C. at 401-02, 444 S.E.2d at 536 (finding the trial court did not abuse its discretion in deciding on a Rule 59(e) motion without briefs or a hearing because the appellant's motion, which contained seven pages of arguments on the issues and citations to legal authority, was a brief even if it was not styled as such).

5.  We hold the family court's award of attorney's fees should not be reversed because the beneficial outcome in favor of Wife was not reversed.  *See E.D.M.*, 307 S.C. at 476-77, 415 S.E.2d at 816 ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living."); *Weller v. Weller*, 434 S.C. 530, 543, 863 S.E.2d 835, 841-42 (Ct. App. 2021) (holding that the award of attorney's fees and costs will be affirmed if the family court order is affirmed when a party has argued for reversal of the attorney's fee award based upon an erroneous finding by the family court that affects the "beneficial results" prong of the *E.D.M.* factors).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, HEWITT, and VINSON, JJ., concur.**